**Joanis NELI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–4160–ag.

United States Court of Appeals, Second Circuit.

Jan. 19, 2011.

Gregory Marotta, Vernon, NJ, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Thomas B. Fatouros, Senior Litigation Counsel, Office of Immigration Litigation; Annette M. Wietecha, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, ROBERT A. KATZMANN, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Joanis Neli, a native and citizen of Albania, seeks review of a September 10, 2009, order of the BIA affirming the January 8, 2008, decision of Immigration Judge ("IJ") Margaret McManus denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Joanis Neli*, No. A097 954 641 (B.I.A. Sept. 10, 2009), *aff'g* No. A097 954 641 (Immig. Ct. N.Y. City Jan. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Neli is challenging the denial of relief in "asylum only" proceedings, as opposed to an order

issued in removal proceedings, we have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir.2006).

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). The applicable standards of review are well-established. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

## I. Past Persecution

The IJ found that Neli did not establish past persecution based on minor problems he experienced at school and his claim that he was deprived certain educational opportunities. Neli does not challenge these findings, but asserts that the IJ failed to consider the cumulative effect of these incidents of harm. However, the record indicates that the IJ reviewed these incidents in the aggregate, and explicitly noted that "these problems ... [did not] meet the standard for past persecution." Certified Administrative Record at 38; *see Poradisova v. Gonzales*, 420 F.3d 70, 79 (2d Cir.2005). Thus, we find no error in the IJ's conclusion that Neli failed to establish past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (noting that to constitute persecution, the alleged past harm must be sufficiently severe, rising above "mere harassment.").

## II. Well–Founded Fear of Future Persecution

The IJ additionally found that in light of the change in government in Albania, Neli failed to establish a well-founded fear of future persecution based on his membership in the Democratic Party. 8 C.F.R. 1208.13(b)(2)(i). Although Neli argues that the IJ failed to consider evidence of human rights abuses in Albania, the IJ explicitly addressed his country conditions evidence, and there is no indication that the IJ ignored any material evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006). In fact, Neli acknowledges that "the [Albanian] government generally respected citizens['] rights." The IJ therefore reasonably found that Neli failed to establish a well-founded fear of persecution based on his participation in the Democratic Party. *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005).

Finally, we need not consider Neli's unexhausted argument that the IJ erroneously denied his request for humanitarian asylum. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007). Because Neli was unable to meet his burden for asylum, he necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).